Yi Quan CHEN, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70478.

United States Court of Appeals, Ninth Circuit.

April 25, 2003.

Maureen Laflin, Monica Schurtman, Moscow, ID, Yi Quan Chen, Florence, AZ,

Daniel R. Anderson, Moscow, ID, for Petitioner.

Regional Counsel, Laguna Niguel, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, John C. Cunningham, Karen Fletcher Torstenson, John J. Andre, John J. Andre, Robbin K. Blaya, Washington, DC, for Respondent.

Before: LAY,* TROTT and BERZON, Circuit Judges.

## ORDER

In our prior opinion, *Chen v. I.N.S.*, 266 F.3d 1094 (9th Cir.2001), this court reviewed Yi Quan Chen's application for asylum and withholding of removal pursuant to § 208(a) and § 241(b)(3) of the Immigration and Nationality Act (I.N.A.), 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals (BIA) had dismissed Chen's application and agreed with the Immigration Judge's conclusion that Chen lacked credibility. This court overruled the BIA, holding that Chen had established his eligibility for asylum and withholding of removal. *Chen*, 266 F.3d at 1099. We found that Chen was credible and had produced direct and specific evidence of past persecution. *Id.* at 1101. We also held that Chen had a well-founded fear of future persecution and established a clear probability that he would be persecuted if returned to China. *Id.* at 1099. We ultimately remanded the case to the Attorney General to determine in the exercise of his discretion whether to grant asylum to Chen. *Id.* at 1103.

In *I.N.S. v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), the Supreme Court held that the Ninth Circuit

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

had erred by failing to remand an asylum case to the BIA for additional investigation or explanation relating to the changed circumstances in Guatemala. The Court pointed out that under 8 U.S.C. § 1158(a) and 8 U.S.C. § 1253(h)(1) (1994), the law entrusts the agency to make the basic asylum eligibility decision. *Ventura,* 123 S.Ct. at 355–56.

On November 12, 2002, the Supreme Court vacated our ruling in *Chen* and remanded the case to this court for further consideration in light of *Ventura.* Upon reconsideration, we now remand to the BIA for it to decide Chen's application for asylum and withholding of removal. In doing so, we stress that this court's reversal of the BIA's adverse credibility finding still stands based upon the analysis in our prior opinion. We held the BIA failed to provide the requisite specific, cogent reason for discrediting Chen.

The case is remanded to the BIA for further consideration and investigation in light of our prior ruling on Chen's credibility.

REMANDED.