Martin TINOCO–AGUILERA; Leticia Torres–Tinoco, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70671.

INS Nos. A74–796–356, A74–796–357.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided Aug. 20, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

Martin Tinoco–Aguilera and Leticia Torres–Tinoco ("the Tinocos") petition for review of an order of the Board of Immigration Appeals ("BIA") that dismissed their *pro se* appeal from the Immigration Judge's ("IJ") denial of their motion to reopen to apply for suspension of deportation. The BIA determined that there was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no reason to disturb the IJ's decision, as it found that the Tinocos had failed to comply with the procedural requirements of *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988), and so could not demonstrate a prima facie case of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1105a(a), and we grant the petition and remand for further proceedings.

"Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985). To prevail under this standard, "the alien must show that counsel's ineffective performance prejudiced her." *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir.2003). Our cases reflect that "counsel's failure to file necessary papers in immigration proceedings may constitute ineffective assistance of counsel." *Id.* at 900.

To establish ineffective assistance of counsel in a motion to reopen, an alien must first comply with the procedural requirements established by the BIA in *Lozada*. The alien must (1) provide an affidavit describing the agreement with counsel in detail, (2) inform counsel of the allegations and afford counsel an opportunity to respond, and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not, why. *Lozada*, 19 I & N. Dec. at 639; *Castillo–Perez v. INS*, 212 F.3d 518, 525 (9th Cir.2000).

However, we have held that "[t]hese factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir.2002).

We note that the Tinocos' counsel, Jeffrey Portnoy, was the same attorney who was the subject of our opinion in *Castillo–Perez* and who resigned from the State Bar of California in November 1997 with charges pending against him. *See Castillo–Perez*, 212 F.3d at 526, 527 n. 11; *In re Portnoy*, St. Bar Ct. Case No. 92-O-17401 (Jul. 1, 1997) (presenting findings of fact and legal conclusions on 71 counts against Portnoy relating to his work on immigration cases and recommending disbarment).[1] Portnoy's misconduct here is similar to the conduct at issue in *Castillo–Perez* and appears consistent with the misconduct that prompted the State Bar to take disciplinary action against Portnoy.

Although the Tinocos *pro se* motion to reopen was brief and did not address all the pertinent information required by *Lozada*, the record here shows a clear case of ineffective assistance of counsel. In both their motion to reopen and their brief to the BIA, the Tinocos represented that their agreement with Portnoy was oral, that they hired Portnoy, and that they trusted Portnoy to file their suspension of deportation application and supporting documents in a timely manner. The Tinocos, however, did not submit an affidavit with their motion detailing the scope of their agreement with Portnoy. Yet, as the record reflects, Portnoy appeared as coun-

---

1. On July 4, 1997, the State Bar placed Portnoy on "Not Entitled" status, which meant that he was not entitled to practice law in California. He remained on "Not Entitled" status until he voluntarily resigned from the State Bar (with charges pending) on November 1, 1997. *See* http://members.cal-bar.ca.gov/search/member_detail.aspx?x=96869.

sel for the Tinocos' on October 30, 1996 and requested suspension of deportation. The record also reflects that Portnoy filed a formal notice of appearance, and there is nothing in the administrative record indicating that the IJ permitted Portnoy to withdraw from the case. In sum, the record shows that as counsel for the Tinocos, Portnoy was responsible for filing a timely application for suspension of deportation with the IJ and when he did not do so, the IJ deemed the application abandoned.

The Tinocos further represented in their motion to reopen and in their brief to the BIA that they provided Portnoy with the documentation necessary to support their suspension of deportation application and that they trusted Portnoy to file the application as directed by the IJ. The record also reflects that once Portnoy resigned from the State Bar, the Tinocos were unable to contact him. In light of the disciplinary proceedings pending against Portnoy, no useful purpose would have been served by requiring the Tinocos to file a complaint against Portnoy with the California State Bar. *See Castillo–Perez,* 212 F.3d at 527 n. 11.

The record here establishes "both that an adequate factual basis exists in the record for an ineffectiveness complaint, and that the complaint is a legitimate and substantial one." *Id.* at 526. Under these circumstances, we conclude that there has been substantial compliance with the *Lozada* requirements, and the BIA erred in applying the technical requirements of the rule to summarily reject the Tinocos' claim of ineffective assistance of counsel.

Our determination that the Tinocos substantially complied with the *Lozada* requirements does not end our analysis: we may only reverse the BIA's denial of the Tinocos' motion to reopen if they have made a prima facie showing of eligibility for suspension of deportation. *See INS v. Abudu,* 485 U.S. 94, 97, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Iturribarria,* 321 F.3d at 901–02. As noted, we must also determine whether the Tinocos have suffered prejudice, a question that is closely related to the Tinocos' showing of eligibility for relief from deportation. Because the BIA denied relief on the ground that the Tinocos had failed to comply with *Lozada's* procedural requirements, it did not address this issue.

When a decision by the Board obviates its need to consider an alien's eligibility for a specific type of statutory relief, we should not make that determination in the first instance. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002); *Chen v. INS,* 326 F.3d 1316, 1317 (9th Cir.2003).[2] In light of the Supreme Court's decision in *Ventura,* 123 S.Ct. at 355–56, and our recent order in *Chen,* 326 F.3d at 1316–17, we remand to the BIA for it to decide the Tinocos' prima facie eligibility for suspension of deportation and the related issue of prejudice. Upon remand, the Tinocos may seek leave to augment the record with additional information regarding their eligibility for

---

**2.** In *Chen,* we reconsidered our earlier decision in *Chen v. INS,* 266 F.3d 1094, 1101–03 (9th Cir.2001), *vacated by* 537 U.S. 1016, 123 S.Ct. 549, 154 L.Ed.2d 423 (2002), where we reversed the BIA's adverse credibility finding and, after determining that remand was unnecessary, held that Chen had established his eligibility for asylum and withholding of re-

moval. 326 F.3d at 1316–17. Noting the Supreme Court's directive in *Ventura,* 123 S.Ct. at 355–56, that the "law entrusts the agency to make the basic asylum eligibility decision," we remanded to the BIA for it to decide Chen's eligibility in the first instance. *Id.*

suspension of deportation. *See Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 368–73 (9th Cir.2003) (noting that the BIA is required to consider an application for suspension of deportation on the basis of the law and facts existing at the time the application is finally considered).[3]

**PETITION GRANTED; REMANDED** for further proceedings.

---

**3.** In light of our disposition, we need not address the Tinocos' claim that the *Lozada* requirements violate the Administrative Procedures Act.

