**Sukhwinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71449.
Agency No. A75–309–327.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Jan. 30, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shelley R. Goad, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, BEAM,** and PAEZ, Circuit Judges.

** The Honorable C. Arlen Beam, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  The BIA adopted the IJ's adverse credibility determination. "When the BIA adopts an IJ's findings and reasoning, we review the IJ's

MEMORANDUM***

Sukhwinder Singh petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of deportation, and withholding of removal under the Convention Against Torture. The immigration judge ("IJ") denied Singh's application solely on the basis of Singh's lack of credibility.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), as amended by the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996. Because we conclude that the IJ's adverse credibility finding was not supported by substantial evidence, we grant the petition and remand to the BIA for further proceedings.[2]

The IJ found that Singh knew little about the Sikh religion. This finding was not supported by the record because Singh's answers to questions posed to him were responsive. Additionally, the IJ improperly engaged in speculation and conjecture about the validity of Singh's beliefs. "[I]t is error to rest a decision denying asylum on speculation and conjecture." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000).

The IJ also raised concerns about Singh's testimony regarding the date of his first arrest. This discrepancy was minor and was corrected by Singh without prompting. More importantly, "discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credi-

opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). We review the BIA's negative credibility determination, a finding of fact, for substantial evidence. *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1141 (9th Cir.1988).

2.  Because the parties are familiar with the facts, we discuss them only insofar as they are necessary to reach our decision.

bility finding." *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988).

The IJ also questioned Singh's testimony regarding whether his father was arrested with him, whether Singh was released voluntarily from custody, and whether he was subjected to electrical shock during the second arrest. The record does not contain substantial evidence to support the IJ's concerns. The perceived discrepancies to which the IJ pointed resulted from language or translation problems when the translator attempted to translate counsel's inartfully worded questions. Inconsistencies "that are attributable to the applicant's language problems or typographical errors and cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986).

We also conclude that Singh's failure to mention electrical shock torture and medical treatment in his asylum application did not justify the IJ's adverse credibility determination. "Failure to file an application form that was as complete as desired cannot, without more, properly serve as the basis for a finding of a lack of credibility." *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990).

The IJ also noted an apparent discrepancy between Singh's testimony and his medical records. Singh testified that he received electrical shocks during his first arrest, but not during his second arrest. His doctor's note does not mention the first arrest, but yet references electrical shock marks. This is not a contradiction because the doctor's note does not state that the electrical shock marks occurred during Singh's second arrest. Additionally, Singh stood by his testimony and testified that he did not know why the doctor's note failed to refer specifically to the first arrest. Because Singh was not evasive,

such a minor discrepancy between Singh's testimony and his doctor's note does not warrant an adverse credibility determination. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (holding that a discrepancy between the petitioner's testimony and a death certificate over the date of petitioner's husband's death did not justify an adverse credibility finding).

Finally, on this record, the IJ wrongly insisted that Singh present travel documents to establish his identity. Singh testified that he had a United States work permit and driver's license. He further testified that he had requested identity documents from India, but had not received any. Just why the IJ concluded that Singh was not interested in establishing his identity is not clear from the record. In any event, an applicant's testimony alone, "if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a) (2002). Here, Singh testified credibly and thus the IJ erred by requiring additional documentation. *See Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000) ("It is well established in this circuit that the BIA may not require independent corroborative evidence from an asylum applicant who testifies credibly in support of his application.").

In sum, a reasonable factfinder "would be compelled to conclude that the IJ's adverse credibility determination is not supported by substantial evidence." *Arulampalam v. Ashcroft*, No. 02–71267, 353 F.3d 679, 688–89 (9th Cir.2003).

Because the IJ's adverse credibility determination was not supported by "substantial evidence," Singh's testimony must be deemed credible. *Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000); *Vilorio–Lopez*, 852 F.2d at 1142. The IJ denied Singh's claims for asylum, withholding of deportation, and his request for relief under the Convention Against Torture solely

upon his determination that Singh was not credible. We remand to allow the BIA to address the merits of these issues in light of our holding that Singh must be deemed credible. *See Chen v. INS,* 326 F.3d 1316, 1317 (9th Cir.2003); *INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION GRANTED AND REMANDED.

BEAM, Circuit Judge, dissenting.

I respectfully dissent from the court's opinion for the same reasons I have set forth elsewhere. *See Kaur v. Ashcroft,* No. 02–72520, 2004 WL 187459 (9th Cir. Jan. 28, 2004) (Beam, J., dissenting) (mem.) (unpublished). Specifically, under the highly deferential substantial-evidence standard of review, the record here does not compel a conclusion by a reasonable factfinder that Singh was a credible witness. *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002); 8 U.S.C. § 1252(b)(4)(B).

The IJ based its adverse credibility finding on a variety of discrepancies in Singh's testimony: Singh could not accurately convey the timing of his previous arrests, his account of the circumstances of his arrests changed upon further questioning, his knowledge of the Sikh religion was weak even though his asylum application sought refuge based in part on his religion, his asylum application failed to mention many of the horribles he described in his testimony, and his testimony was inconsistent with his physician's written account of Singh's treatment. When considered in isolation, each may be insufficient to support the adverse credibility determination. But the deferential standard of review asks if the record *as a whole* supports that factual finding. *See INS v. Elias–Zacari-*

*as,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). I cannot conclude that a reasonable factfinder faced with these circumstances could not find the witness incredible, and I refuse to parse each perceived inconsistency and evaluate its independent sufficiency.

The court here also improvidently explores the existence of the IJ's purported reasons for its lack-of-credibility finding. For example, the court holds that the IJ should not have found (1) that Singh knew little about the Sikh religion; (2) that discrepancies existed as to Singh's father's arrest, Singh's voluntary release, or the events of the second arrest;[1] and (3) that a contradiction existed between the doctor's note and Singh's testimony. However, to scrutinize the underpinnings of a factual conclusion misses the mark. The existence of a discrepancy is not the focus of our appellate review, but the reasonable import of those discrepancies is. Holding otherwise takes from the IJ (or the BIA) the very difficult job entrusted to it. I do not believe we should lightly disregard the level of deference afforded to arduous determinations that are made by a judicial body in the best position to observe, compare, and decide.

Here, Singh's undetailed application for asylum, combined with his inability to give details when questioned and the other observations articulated by the IJ, could lead to a variety of reasonable conclusions. The court here may have come to one of those conclusions—the discrepancies can be explained without impugning Singh's credibility. However, the IJ also came to a reasonable conclusion. I cannot overlook the fact that credibility is often drawn into question by an inaccurate, vague, or inconsistent account of the details surrounding

---

1. It is ironic that the court, in one breath, faults the IJ for engaging in conjecture and speculation with regard to Singh's limited religious knowledge, and in the next, finds

"[t]he perceived discrepancies to which the IJ pointed resulted from language or translation problems." This appellate-court factfinding appears to be nothing short of speculative.

an event. When that event is central to the claim for asylum, the highly deferential standard of review employed on appeal dictates that the petition should be denied. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997) (holding discrepancies between two asylum-application forms were not minor because they "relate[d] to the basis of the alleged fear of persecution"). Simply stated, I cannot conclude that the record considered as a whole compels the conclusion that Singh was credible. *Elias–Zacarias,* 502 U.S. at 481 n. 1, 112 S.Ct. 812 ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it. . . .").

Accordingly, I respectfully dissent.