Manuel Lucena MARTINEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73265.

Agency No. A76–378–410.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Nov. 17, 2004.

Peter R. Afrasiabi, Orange, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jamie Ann Yavelberg, Linda S. Wernery, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Manuel Lucena Martinez (Martinez) petitions for review of the Board of Immigration Appeal's (BIA's) decision affirming the Immigration Judge's (IJ's) denial of his application for cancellation of removal. Because substantial evidence does not support the BIA's determination that Martinez failed to demonstrate continuous physical presence and good moral character, we grant the petition and remand for further proceedings for a determination of whether Martinez has met the "exceptional and extremely unusual hardship" requirement.

I.

To qualify for cancellation of removal, a nonpermanent resident alien must have been physically present in the United States for a continuous period of at least ten years. 8 U.S.C. § 1229b(b)(1)(A). The period of continuous presence ends when the applicant is served with a Notice to Appear (NTA). § 1229b(d)(1). Martinez was served with an NTA on February 18, 1998, and thus he was required to demonstrate continuous physical presence in the United States since February 18, 1988. On the basis of a discrepancy between the testimonies of Martinez and his step-brother Jose Isabel Sandoval (Sandoval) regarding whether Martinez traveled to Mexico in October of 1988, the IJ found neither witness to be credible. Because the IJ found that Martinez presented no other evidence to establish that he had been present in the United States prior to February 18, 1988, the IJ determined that Martinez had not met the physical presence requirement.

Section 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), eliminated our jurisdiction to review discretionary decisions of the Attorney General regarding cancellation of removal. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003). Because it is nondiscretionary in nature, we have jurisdiction to review a continuous physical presence finding. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004); *Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir.1997). Where, as here, the BIA adopts the decision of the IJ through its streamlining procedures, we review the IJ's decision. 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Both the IJ's credibility and continuous physical presence determinations are reviewed for substantial evidence. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997); *Lopez–Alvarado*, 381 F.3d at 851.

The IJ's adverse credibility determination was not supported by substantial evidence. The difference between Martinez's testimony and Sandoval's testimony concerned a two-month trip that took place more than ten years prior to the hearing, a discrepancy that does not "go to the heart" of Martinez's application. *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003); *see also Lopez–Alvarado*, 381 F.3d at 853 (finding no "specific, cogent reason" for the IJ to doubt the testimony of an employer merely because he did not recall applicant's brief trip to Mexico). Furthermore, the IJ did not consider all "plausible and reasonable explanations" for the inconsistency, such as potential language difficulties or Sandoval's inability to remember a distant event. *See, e.g., Chen v. INS*, 266 F.3d 1094, 1100 (9th Cir.2001), *overruled on other grounds by* 537 U.S. 1016, 123 S.Ct. 549, 154 L.Ed.2d 423 (2002), *on remand to* 326 F.3d 1316 (9th Cir.2003); *Osorio v. INS*, 99 F.3d 928, 932 (9th Cir. 1996) (suggesting a "language barrier" as a possible explanation for an inconsistency between a witness's testimony and an application). This minor inconsistency did not provide the IJ with a "legitimate articulable basis to question the petitioner's credibility," *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994), and therefore the IJ's adverse credibility finding was not supported by substantial evidence.

In light of our determination regarding Martinez's credibility, we also conclude that the IJ's finding that Martinez failed to establish ten years of continuous physical presence was not supported by substantial evidence. In the asylum context, this court has held that, if credible, an applicant's testimony alone can suffice to establish his eligibility for asylum, because asylum cases are "inherently difficult to prove." *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997); *Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996). Similarly, the passage of time makes continuous physical presence for cancellation of removal cases exceptionally difficult to prove. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1234–35 (9th Cir.2003). We have held that documentary evidence is not required to corroborate testimony regarding continuous physical presence. *Id.* at 1225, 1234 ("the time element of an alien's residency ... may be shown by credible direct testimony *or* written declarations.") (emphasis added); *Lopez–Alvarado*, 381 F.3d at 849–50, 855. Through his credible testimony and written application for cancellation of removal, Martinez presented sufficient evidence to establish ten years of continuous physical presence. We thus reverse the BIA's continuous physical presence determination.

## II.

To establish his eligibility for cancellation of removal, Martinez was also required to establish that he was "a person of good moral character" during the ten years prior to service of the NTA. 8 U.S.C. § 1229b(b)(1), (d)(1). Section 1101(f) of Title 8 of the United States Code establishes a categorical list of conduct that, if applicable, will preclude the applicant from establishing good moral character. Whether a person is categorically ineligible for a finding of good moral character is a nondiscretionary decision which we have jurisdiction to review. *Kalaw*, 133 F.3d at 1151; *Avendano–Ramirez v. Ashcroft*, 365 F.3d 813, 817 n. 5 (9th Cir.2004) (applying permanent rules of IIRIRA). A moral character determination that is not based

on one of the *per se* statutory exclusions *is* discretionary in nature, and we lack jurisdiction to review the IJ's decision. *Kalaw,* 133 F.3d at 1151.

Here, the IJ stated that Martinez failed to establish the requisite good moral character, without explicitly providing the basis for his conclusion. Martinez argues that the IJ's ruling on this issue was based on a finding that Martinez lied at the hearing, making him statutorily ineligible for a finding of good moral character under 8 U.S.C. § 1106(f)(6) (excluding "one who has given false testimony for the purpose of obtaining any benefits under this chapter"). We agree. In determining that Martinez lacked good moral character, the IJ noted the discrepancies between Martinez's and Sandoval's sworn testimony, and inconsistencies between Martinez's testimony and information contained in his application. After reciting the allegedly untrustworthy information, the IJ stated:

> He's testified that everything in his application is true and correct. I therefore conclude that the respondent has not established the necessary physical presence in the United States, nor has he established the requisite good moral character and I shall deny his application for cancellation of removal.

From the context of the IJ's ruling, we conclude that the IJ found that Martinez had "given false testimony for the purpose of obtaining" immigration benefits under § 1106(f)(6) and therefore *per se* lacked the requisite good moral character. We therefore have jurisdiction to review the IJ's moral character determination.

■ Whether an applicant falls into a *per se* category barring a finding of good moral character depends upon the IJ's factual findings, which we review for substantial evidence. *Kalaw,* 133 F.3d at 1151. First, we note the substantial positive evidence of Martinez's good moral character

in the record. Martinez has never been arrested or convicted of a crime in this country or any other; he cares for his two U.S.-born children, volunteers in his community, has enhanced his education, has never received any form of public assistance, has maintained steady employment in the United States, and has paid his taxes since 1988. The only basis for the IJ's negative moral character finding was the IJ's adverse credibility determination, which we have determined was not supported by substantial evidence. Accordingly, we conclude that the moral character determination was not supported by substantial evidence.

### III.

For the reasons set forth above, we grant Martinez's petition and reverse the decision of the BIA on the credibility, continuous physical presence, and good moral character determinations. We remand to the BIA for determination of whether Martinez has satisfied the "exceptional and extremely unusual hardship" requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D).

PETITION GRANTED and REMANDED.