YE MIN OO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70662.

Agency No. A16–077–048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided April 17, 2006.

R. Wayne McMillan, Esq., McMillan & Tkach, LLP, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Shahira M. Tadross, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge, concurring.

MEMORANDUM *

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

Petitioner Ye Min Oo, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' affirmance of an Immigration Judge's adverse credibility finding that resulted in the denial of his petitions for asylum, withholding of removal, and Convention Against Torture relief. In his asylum application and at a hearing before the Immigration Judge, Oo sought relief based on having been twice arrested, interrogated, and beaten by Burmese security forces and having received two letters demanding that he join a government controlled organization dedicated to countering the influence of a pro-democracy organization to which he was loyal.

Credibility findings are reviewed for substantial evidence and may not be reversed unless the evidence compels the conclusion that the Immigration Judge's finding is in error. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). However, the Immigration Judge must provide "a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (quotations, alterations, and citations omitted). These reasons must be substantial and related to the adverse credibility finding. *Id.*

■ The Immigration Judge found it implausible that Oo was questioned about a five-year-old protest upon his second arrest and that he could obtain a passport and seaman's card if the Burmese government wished to persecute him. These reasons impermissibly rely on speculation about the likely conduct of a repressive government. *See Gui v. INS,* 280 F.3d 1217, 1226 (9th Cir.2002) (finding that "the IJ's own opinions as to how best to silence a dissident" are not a "legitimate articulable basis" for an adverse credibility finding); *Chouchkov v. INS,* 220 F.3d 1077, 1083 n. 15 (9th Cir.2000).

■ The Immigration Judge faulted Oo for failing to produce one of the letters he claimed to have received from the government controlled organization. Under 8 U.S.C. § 1252(b)(4)(D), as amended by the Real ID Act, we can only reverse the IJ's finding regarding the availability of corroborating evidence if a reasonable factfinder would be compelled to conclude that such evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4)(D). On the basis of Oo's testimony that a family friend who hand-carried his identification documents to the United States had refused to also carry the letter, we conclude that a reasonable factfinder would be compelled to conclude that the letter was unavailable.

The Immigration Judge also noted several inconsistences that are either insubstantial, a result of language barriers or confusing questioning, or simply not supported by the record. Finally, the Immigration Judge's concern that Oo did not apply for asylum during his initial calls at ports in Mexico and the United States has little bearing on the credibility of his testimony. In sum, we are compelled by the record to conclude that the adverse credibility finding underlying the denial of relief was error.

Since the Immigration Judge and the BIA reached no conclusions regarding Oo's statutory eligibility for relief, or whether any discretionary relief would be granted, we remand for consideration of the merits. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Chen v. INS,* 326 F.3d 1316, 1317 (9th Cir.2003) (holding, in light of *Ventura,* that following a reversal of an adverse credibility finding, we must remand for determination of an

of this circuit except as provided by 9th Cir.    R. 36–3.

asylum applicant's statutory eligibility for asylum).

GRANTED.

FERNANDEZ, Circuit Judge, concurring.

I concur, with one caveat. Because Oo did not appeal the withholding and Convention Against Torture issues to the BIA, we lack jurisdiction to consider them. *See, e.g., Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004). Thus, as I see it, this disposition speaks to asylum issues only. My concurrence is based upon that understanding.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.