QIUHONG REN; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75152.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Jie Han, Law Office of Jie Han, New York, NY, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Kevin B. Finn, Esq., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Qiuhong Ren and her husband Guojie Li, natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals order affirming an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the agency's adverse credibility determinations. The sole basis for the agency's adverse credibility finding was an inconsistency between Ren's testimony and a document she submitted to the immigration court, regarding the date of a summons her father received from the Chinese police after she fled from China. The record does not support the agency's conclusion that the summons must have been issued in 2000 where the year in the summons mistakenly appears as "200." *See id.* *See also Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (discrepancies in dates that are attributable to typographical errors cannot properly serve as the basis for an adverse credibility finding).

Because the agency did not reach any alternative conclusions regarding the Petitioners' statutory eligibility for relief, we remand for further consideration on the merits. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Chen v. INS*, 326 F.3d 1316, 1317 (9th Cir.2003) (order) (remanding to the agency for determination of an asylum applicant's statutory eligibility for relief subsequent to the reversal of an adverse credibility determination).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION FOR REVIEW GRANT-
ED; REMANDED.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.