Sutharshan **KANTHASAMI**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–70341.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed June 7, 2006.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood,

---

Human Rights Project, Los Angeles, CA, for Petitioner.

District Director, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., N. Christopher Hardee, Aaron J. Burstein, Esq., United States Dept of Justice, Antitrust Division, Washington, DC, for Respondent.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

MEMORANDUM **

Petitioner Sutharshan Kanthasami, a native and citizen of Sri Lanka, petitions for review of a Board of Immigration Appeals decision affirming the Immigration Judge's conclusion that he is not eligible for asylum, withholding of removal, or Convention Against Torture relief due to an adverse credibility determination.

Credibility findings are reviewed for substantial evidence and may not be disturbed unless the record compels the conclusion that the finding was in error. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). However, an Immigration Judge must provide legitimate reasons that are substantial and related to a petitioner's credibility. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). Kanthasa-

mi initially testified that he traveled to Mexico by boat via Jordan. In a subsequent hearing, he acknowledged that that testimony was untruthful—he had actually traveled by air via Thailand, South Africa, and Brazil. He explained that the human smugglers told him to lie about the route of travel and threatened harm if he did not comply. Along with Kanthasami, a group of about twenty ethnic Tamils were apprehended attempting to cross from Mexico into the United States over a short period of time. Kanthasami's corrected testimony is consistent with that of other members of the smuggled group.

The Immigration Judge's adverse credibility finding on the basis of Kanthasami's corrected falsehood failed to consider his explanation or to recognize that the lie is consistent with his claim that he was fleeing persecution. *See Turcios v. INS,* 821 F.2d 1396, 1400–01 (9th Cir.1987) (finding that an Immigration Judge must evaluate false statements in light of all the circumstances); *Akinmade v. INS,* 196 F.3d 951, 955 (9th Cir.1999) (finding that false statements consistent with or unrelated to fear of persecution do not support an adverse credibility finding).[1]

The BIA relied on the Immigration Judge's adverse credibility finding. We must remand for a decision on the merits of Kanthasami's petitions. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Chen v. INS,* 326 F.3d 1316, 1317 (9th Cir.2003) (holding, in light of *Ventura,* that following a reversal of an adverse credibility finding, we must re-

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In addition, this court recently ordered the release of another Sri Lankan national captured and detained with Kanthasami. *See Nadarajah v. Gonzales,* 443 F.3d 1069 (9th Cir.2006). *Nadarajah* supports our conclusion that Kanthasami testified credibly with respect to his past persecution and fear of future persecution in Sri Lanka.

mand for determination of an asylum applicant's statutory eligibility for asylum).

**GRANTED.**