

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME BERNARDO SANTOS GRAMAJO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70670 <br><br> Agency No. A070-683-045 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Jaime Bernardo Santos Gramajo ("Petitioner"), a native and citizen of

Guatemala, petitions for review of a decision of the Board of Immigration Appeals

("BIA") affirming an immigration judge's ("IJ") denial of his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), special rule cancellation of removal under the Nicaraguan and Central American Relief Act ("NACARA"), regular cancellation of removal under 8 U.S.C. § 1229b(b), and voluntary departure. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss the petition in part and deny in part.

**1.** Petitioner is "ineligible for asylum and withholding of removal because his refusal to join a gang does not make him a member of a particular social group or constitute a political opinion." *Barrios v. Holder*, 581 F.3d 849, 852-53 (9th Cir. 2009) (rejecting the same claim made by another Guatemalan petitioner that he feared persecution by "maras" or gangs); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (rejecting the notion that gang recruitment in Guatemala necessarily occurs "*on account of*" the political opinion of the recruited party). To the extent Petitioner's CAT claim has not been waived, Petitioner cannot show any alleged torture would be conducted by or with the consent or acquiescence of the Guatemalan government. *Cf. Zheng v. Ashcroft*, 332 F.3d 1186, 1194-95 (9th Cir. 2003).

**2.** Petitioner's main argument centers around his claim for special rule cancellation of removal under NACARA § 203. NACARA, Pub. L. No. 105-100, § 203, 111 Stat. 2160, 2193-201 (1997). However, we lack jurisdiction to review

this claim. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 309(c)(5)(C)(ii), 110 Stat. 3009, *as amended by* NACARA § 203(a); *see Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010); *cf. Aragon-Salazar v. Holder*, 769 F.3d 699, 701 (9th Cir. 2014) (interpreting IIRIRA § 309(f) rather than subsection (c)(5)(C)(i)).

**3.** We have jurisdiction to review Petitioner's regular cancellation of removal claim under 8 U.S.C. § 1229b(b). *See Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2004). The IJ found—and the BIA affirmed—that Petitioner was statutorily barred from receiving cancellation of removal for failing to meet the good moral character standard because he provided false or inconsistent testimony "for the purpose of obtaining an immigration benefit in the United States, to wit: NACARA [relief]." 8 U.S.C. § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who . . . has given false testimony for the purpose of obtaining any benefits under this chapter . . . .").

We review questions of law de novo, but review the IJ and BIA's factual findings under the more deferential substantial evidence standard. *Lopez- Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We must determine whether substantial evidence supports the agency's factual findings that Petitioner falls within the contours of § 1101(f)(6).

3

Contrary to the dissent's de novo review of the agency's decision, substantial evidence that Petitioner lacked good moral character supports the agency's decision not to exercise its considerable discretion in his favor because he provided false and inconsistent testimony in his earlier applications for immigration benefits.

**4.** We also lack jurisdiction to review the agency's denial of voluntary departure. 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); *see Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir. 2002).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

*Gramajo v. Lynch*, No. 12-70670

PREGERSON, Circuit Judge, dissenting:

I respectfully dissent from the majority's memorandum disposition that denies Jaime Bernardo Santos Gramajo's ("Santos Gramajo") petition for cancellation of removal under 8 U.S.C. § 1229b(b). The majority cites to 8 U.S.C. § 1101(f)(6) to explain its decision that substantial evidence supports the BIA's finding that Santos Gramajo lacks good moral character.

Santos Gramajo is a 43-year-old native and citizen of Guatemala. He testified that he first entered the U.S. without inspection as a young teenager and has never departed the U.S. since his initial entry. Santos Gramajo and his wife, Ana, met in 2004 and married in 2006. Ana is a beneficiary of Temporary Protected Status. Santos Gramajo lives with Ana and his stepson Jose, a thirteen-year-old United States citizen. Santos Gramajo provides essential care and support for Ana and Jose.

Ana testified that before Santos Gramajo entered their lives, she and her son experienced extreme economic hardship. Despite working part-time at a service job at Del Taco, Ana did not have enough money to provide for all of Jose's needs. Santos Gramajo has been taking care of them both since he entered their lives. If he is removed, Santos Gramajo testified that because of the poverty in Guatemala, he would not be able to find work to support Ana and Jose.

When asked what would happen to Jose if he were removed to Guatemala, Santos Gramajo stated that Jose relies on him and that "the child is very happy with me . . . he has his own bed and I purchase whatever he wants for him." Jose has asked Santos Gramajo to "be his dad, to always be with him, and to never leave him." Santos Gramajo helps Jose with school work and attends parent-teacher conferences. According to Ana, Santos Gramajo gives good advice to Jose and is a good father to him. Ana has testified that both she and Jose would go to Guatemala with Santos Gramajo if he is removed. It is evident that removal of his stepfather would greatly affect Jose, who would be taken from the only life he has ever known, to a life in an impoverished country he has never even visited.

Santos Gramajo works installing tile for Dream Tiles near Thousand Palms, California, and earns approximately $500 weekly. He has regularly filed state and federal income taxes since 1996. Before moving to his current residence, Santos Gramajo regularly attended Montes Sinai Church, where he is highly regarded as a good Christian, charitable, and ready to help anybody in need. As the IJ pointed out, he has not been arrested or convicted for an offense that would render him inadmissible from the U.S.

The record, which covers over six years of immigration filings and hearings, reveals that Santos Gramajo did provide contradictory details about his arrival in

the U.S. decades ago when he was a teenager. Santos Gramajo, who received at most a fifth-grade education in Guatemala, is a native Spanish speaker. A complete review of the record shows that Santos Gramajo frequently became confused by questions in his hearings. He became confused about the meaning of the word, "cedula," Guatemala's national identification, thinking the government meant his birth certificate. Santos Gramajo also grew confused about the year in which he met his wife, as well as how many of his siblings are lawfully in the U.S. The majority accepts the IJ and BIA's interpretations of Santos Gramajo's mistakes and confusion as an attempt to obtain benefits falsely, rather than considering "all plausible and reasonable explanations for the inconsistency, such as potential language difficulties or [Santos Gramajo]'s inability to remember a distant event." *Martinez v. Ashcroft*, 114 F. App'x 313, 315 (9th Cir. 2004) (quotation marks omitted); *see also Osorio v. I.N.S.*, 99 F.3d 928, 932 (9th Cir. 1996) (suggesting a "language barrier" as a possible explanation for an inconsistency between a witness's testimony and an application).

I think Santos Gramajo should be evaluated on more than just confused testimony that occurred during the course of six years of hearings and filings. During the hearings, he was asked questions regarding dates that had occurred over ten years earlier and concerning events that took place when he was an adolescent.

3

Many of us, or our parents, came to this country as children, and one is left to wonder how well the exact details of those arrivals of young people on our soil might be recalled decades later under the pressure of an immigration hearing, conducted in a foreign language, with a wife and young child's lives and futures dependent on the outcome. Sadly, in such a situation, failure of an immigrant to give exact answers could result in a family being broken apart. Indeed, that may be a likely outcome of the majority's memorandum disposition: Santos Gramajo's family will either be broken up, or forced to relocate to Guatemala, where poverty is staggering; violent gangs target youth, like Jose, for recruitment; and there are very few government services to support reintegration. *See* Conditions Facing Guatemalans Deported from the US: Concerns and Recommendations for a Rights-Based Approach, Guatemala Human Rights Commission (October 2014), http://www.ghrc-usa.org/wp-content/uploads/2014/10/Migration-Report-Final.pdf.

The BIA denied Santos Gramajo's request for cancellation of removal solely on isolated instances of inconsistent testimony, and on that basis found that he lacked good moral character under 8 U.S.C. § 1101(f)(6). That decision was not based on a fair consideration of Santos Gramajo's many commendable character traits, including the fact that he is a hard worker who takes good care of his family and provides for their needs. He is also a loving father to his stepson and an active

4

member of his church community. The evidence supports the view that he is a decent and responsible person. For these reasons, I would grant Santos Gramajo's petition.