FILED

AUG 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREI IVANOVICH ULESCENCO, a.k.a. Andrei Ulescenco,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-72806<br><br>Agency No. A094-532-189<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Andrei Ivanovich Ulescenco, a native and citizen of Moldova, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from a decision of an immigration judge ("IJ") denying his applications for

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013), and review de novo questions of law, *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Ulescenco's application for CAT protection because Ulescenco failed to demonstrate that he would more likely than not suffer torture upon his removal to Moldova.  *See Blandino-Medina*, 712 F.3d at 1348 (affirming the denial of CAT protection for a petitioner who "had not presented evidence that similarly-situated individuals [we]re being tortured by [government] officials").

The record does not support Ulescenco's contention that the BIA failed to consider the country-conditions evidence in the record.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("[A]n alien attempting to establish that the B[IA] . . . fail[ed] to consider relevant evidence must overcome the presumption that it did review the evidence.").

Ulescenco's claim that the IJ violated due process by excluding his late-filed documents lacks merit.  *See Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam) (finding no due process violation, where the petitioner had "a

reasonable opportunity" to present evidence); *see also Taggar v. Holder*, 736 F.3d 886, 890 (9th Cir. 2013) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." (quoting 8 C.F.R. § 1003.31(c))).

Because Ulescenco does not contest the agency's determination that his 2011 conviction for first-degree burglary under California Penal Code § 459 is for an aggravated-felony crime of violence that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii), we lack jurisdiction to review the agency's discretionary determination that Ulescenco's offense is a particularly serious crime that statutorily bars him from withholding of removal. *See Pechenkov*, 705 F.3d at 448 (holding that the court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(C)-(D) to review a particularly-serious-crime determination where the only challenge is that the agency "incorrectly assessed the facts"). Ulescenco has failed to raise a colorable constitutional claim or question of law that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, the [claim] need not be substantial, but the claim must have some possible validity." (citation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**