MEMORANDUM **
Jaime Bernardo Santos Gramajo (“Petitioner”), a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) affirming an immigration judge’s (“IJ”) denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture (“CAT”), special rule cancellation of removal under the *776 Nicaraguan and Central American Relief Act (“NACARA”), regular cancellation of removal under 8 U.S.C. § 1229b(b), and voluntary departure. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss the petition in part and deny in part.
1. Petitioner is “ineligible for asylum and withholding of removal because his refusal to join a gang does not make him a member of a particular social group or constitute a political opinion.” Barrios v. Holder, 581 F.3d 849, 852-53 (9th Cir.2009) (rejecting the same claim made by another Guatemalan petitioner that he feared persecution by “maras” or gangs); see also INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (rejecting the notion that gang recruitment in Guatemala necessarily occurs “on account of” the political opinion of the recruited party). To the- extent Petitioner’s CAT claim has not been waived, Petitioner cannot show any alleged torture would be conducted by or with the consent or acquiescence of the Guatemalan government. Cf. Zheng v. Ashcroft, 332 F.3d 1186, 1194-95 (9th Cir.2003).
2. Petitioner’s main argument centers around his claim for special rule cancellation of removal under NACARA § 203. NACARA, Pub.L. No. 105-100, § 203, 111 Stat. 2160, 2193-201 (1997). However, we lack jurisdiction to review this claim. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”), Pub.L. No. 104-208, § 309(c)(5)(C)(ii), 110 Stat. 3009, as amended by NACARA § 203(a); see Lanuza v. Holder, 597 F.3d 970, 972 (9th Cir.2010); cf. Aragon-Salazar v. Holder, 769 F.3d 699, 701 (9th Cir.2014) (interpreting IIRIRA § 309(f) rather than subsection (c)(5)(C)(i)).
3. We have jurisdiction to review Petitioner’s regular cancellation of removal claim under 8 U.S.C. § 1229b(b). See Gomez-Lopez v. Ashcroft, 393 F.3d 882, 884 (9th Cir.2004). The IJ found — and the BIA affirmed — that Petitioner was statutorily barred from receiving cancellation of removal for failing to meet the good moral character standard because he provided false or inconsistent testimony “for the purpose of obtaining an immigration benefit in the United States, to wit: NACARA [relief].” 8 U.S.C. § 1101(f)(6) (“No person shall be regarded as, or found to be, a person of good moral character who ... has given false testimony for the purpose of obtaining any benefits under this chapter.... ”).
We review questions of law de novo, but review the IJ and BIA’s factual findings under the more deferential substantial evidence standard. Lopez-Cardona v. Holder, 662 F.3d 1110, 1111 (9th Cir.2011). We must determine whether substantial evidence supports the agency’s factual findings that Petitioner falls within the contours of § 1101(f)(6).
Contrary to the dissent’s de novo review of the agency’s decision, substantial evidence that Petitioner lacked good moral character supports the agency’s decision not to exercise its considerable discretion in his favor because he provided false and inconsistent testimony in his earlier applications for immigration benefits.
4.We also lack jurisdiction to review the agency’s denial of voluntary departure. 8 U.S.C. § 1229c(f) (“No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary depar-ture_”); see Hernandez-Mezquita v. Ashcroft, 293 F.3d 1161, 1165 (9th Cir.2002).

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.