**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELSA EMILIA SAMAYOA LANUZA;
ELSA LOPEZ SAMAYOA,

        *Petitioners,*

        v.

ERIC H. HOLDER JR., Attorney
General,

        *Respondent.*

No. 07-71943

Agency Nos.
A070-643-822
A073-972-112

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2010*
Pasadena, California

Filed March 5, 2010

Before: Kim McLane Wardlaw and Consuelo M. Callahan,
Circuit Judges, and John W. Sedwick,** District Judge.

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

## COUNSEL

Joseph S. Porta, Esq., Law Offices of Cohen, Porta, & Kim, Los Angeles, California, for the petitioners.

Kiley L. Kane, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, District of Columbia, for the respondent.

## OPINION

PER CURIAM:

Elsa Emilia Samayoa Lanuza ("Samayoa") and her daughter, Elsa Lopez Samayoa ("Lopez"), are natives and citizens of Guatemala. They petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision pretermitting their applications for special rule cancellation of removal under Section 203 of the Nicaraguan and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2160, 2193-2201 (Nov. 19, 1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644, 2644-45 (Dec. 2, 1997).[1] To the extent that we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review claims of constitutional violations de novo. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). We dismiss in part and deny in part.

**[1]** The government argues, and Samayoa does not contest, that we lack jurisdiction to consider Samayoa's application for relief. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 309(c)(5)(C)(ii), 110 Stat. 3009 (1996), expressly precludes us from reviewing the BIA's determination of eligibility for NACARA § 203 relief. Section 309(c)(5)(C)(ii) provides that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of clause (i) is final and shall not be subject to review by any court." IIRIRA

---

[1]The IJ and the BIA granted the petitioners' request that Samayoa act as the lead applicant, and that Lopez act as a derivative beneficiary of the petition.

§ 309(c)(5)(C)(ii), *as amended by* NACARA, Pub. L. No. 105-100 (1997). Therefore, we lack jurisdiction to determine Samayoa's statutory eligibility for NACARA § 203 relief.

**[2]** Samayoa also argues that she was denied due process because the IJ determined that she was ineligible for NACARA § 203 relief before she began to testify. The record, however, belies this contention. The IJ reviewed all the record evidence, heard counsel's arguments and Samayoa's testimony, allowed cross-examination, and directly questioned Samayoa over the course of four hearings before making the ineligibility determination. Therefore, the IJ did not violate Samayoa's constitutional right to due process by depriving her of a full and fair hearing and a reasonable opportunity to present evidence on her behalf.

We dismiss the appeal for lack of jurisdiction in part, and deny in part.

**DISMISSED; DENIED.**