NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2216
_____

FRANCISCO BARILLAS BARRIOS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-169-634)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: March 22, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Francisco Barrios seeks review of a decision of the Board of Immigration Appeals.

For the reasons that follow, we will deny the petition for review.

I.

Petitioner Francisco Barrios, a citizen of Guatemala, entered the United States illegally in April 2000 and was placed in removal proceedings in September 2007. He is married to a United States citizen and has three United States citizen children. Barrios applied for special rule cancellation of removal pursuant to § 203 of the Nicaraguan and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2193, 2196 (1997). The immigration judge ("IJ") denied the application, finding that Barrios did not meet the statutory requirements for special rule cancellation because he did not register for benefits pursuant to the settlement agreement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC"), on or before December 31, 1991. The IJ granted voluntary departure.

Barrios appealed. The Board of Immigration Appeals ("BIA") agreed with the IJ that Barrios had failed to establish that he was eligible for special rule cancellation. The BIA also denied his claim that the IJ had denied him due process. The BIA dismissed the appeal. Barrios filed a timely petition for review and motions for a stay of removal and a stay of the voluntary departure period. We denied both motions.

II.

The government argues that we lack jurisdiction over the petition for review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which provides that a determination of eligibility under NACARA "shall not be subject to review by any court." See Lanuza v. Holder, 597 F.3d 970, 972 (9th Cir. 2010).

2

However, as the government recognizes, the NACARA jurisdiction-stripping provision does not bar judicial review of constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Lanuza, 597 F.3d at 972. Barrios raises a due process claim, which is sufficient to give this Court jurisdiction. See Romanishyn v. Att'y Gen., 455 F.3d 175, 180 (3d Cir. 2006); Lanuza, 597 F.3d at 972. We exercise plenary review. Romanishyn, 455 F.3d at 185. To the extent Barrios seeks to challenge the factual determinations underlying the BIA's decision, we lack jurisdiction over such claims. See Jarbough v. Att'y Gen., 483 F.3d 184, 188 (3d Cir. 2007).

III.

To prevail on his due process claim, Barrios must demonstrate that he was not provided a full and fair hearing and a reasonable opportunity to present evidence, and that he suffered substantial prejudice as a result. Romanishyn, 455 F.3d at 185. Barrios contends that he was denied the opportunity to testify regarding his eligibility for special rule cancellation. NACARA provides relief to certain individuals who, inter alia, have not been convicted of an aggravated felony and who "(a) first entered the U.S. on or before October 1, 1990 and (b) registered for benefits under the settlement agreement in [ABC] on or before December 31, 1991." § 203, Pub. L. No. 105-100, 111 Stat. 2193; Munoz v. Ashcroft, 339 F.3d 950, 956 (9th Cir. 2003). Barrios admits that the record does not contain any documentary evidence that he registered for benefits pursuant to the ABC settlement agreement. Nonetheless, he argues that he should have been permitted to testify regarding his registration.

3

The record reflects that the proceedings were continued at least three times before the IJ held the July 21, 2008 merits hearing. Barrios states that he requested an opportunity to testify, but that his attorney instead conceded that he had no documentary proof of ABC registration. Counsel did not explain the absence of the evidence or ask for a hearing on the issue. Barrios never argues that the IJ prevented him from testifying, see Podio v. INS, 153 F.3d 506, 510-11 (7th Cir. 1998) (petitioner's due process rights were violated when IJ refused to allow him to testify), and in fact concedes that the IJ provided him a "reasonable opportunity to present documentary evidence." To the extent that he attributes error to his attorney,[1] this does not provide a basis for concluding that the IJ denied him due process. As such, we agree with the BIA that Barrios was afforded a full and fair hearing and a reasonable opportunity to present evidence.

Barrios asserts that his inability to testify resulted in substantial prejudice. However, he has failed to specify what testimony he would have provided to establish his eligibility for NACARA relief. In addition, he concedes that no documentary evidence is available, and he has made no showing that a hearing on the issue was necessary. Accordingly, Barrios cannot demonstrate that he suffered any prejudice.

IV.

For the foregoing reasons, we will deny the petition for review.

---

[1] We note that Barrios has not attempted to claim ineffective assistance of counsel.

4