**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRTA LIDIA CASTILLO, | No. 09-71121 |
| Petitioner, | Agency No. A070-926-222 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Mirta Lidia Castillo, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her applications for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and for special

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal under the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir. 2004). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to review the agency's determination that Castillo is not eligible for NACARA relief. *See Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam).

Substantial evidence does not support the agency's determination that Castillo was not persecuted on account of a protected ground because the evidence compels the conclusion that Castillo was assaulted, raped, and threatened by members of the Guatemalan Civil Defense Patrol ("CDP") on account of her exposure of CDP misconduct to the police and a human rights organization. *See Njuguna*, 374 F.3d at 770-71 (retaliation against a Kenyan petitioner who opposed government corruption by helping domestic servants escape was on account of political opinion); *Reyes-Guerrero v. INS*, 192 F.3d 1241, 1245-46 (9th Cir. 1999) (death threats received after a Colombian prosecutor investigated political corruption by an opposition political party constituted persecution on account of political opinion). Accordingly, we grant the petition as to Castillo's asylum and

withholding of removal claims, and remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In denying CAT relief, the agency failed to evaluate the rape of Castillo. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) (torture includes severe mental or physical pain or suffering inflicted for the purpose of punishing that person for an act she or another person committed, or for the purpose of intimidation); *id.* (agency must consider "evidence relevant to the possibility of future torture"); *see also Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005) (evidence of past torture is relevant to determination of eligibility for CAT relief). Accordingly, we also grant the petition as to CAT relief and remand for further proceedings. *See Ventura*, 537 U.S. at 16-18.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

09-71121