**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1347**

FRANCISCA DORA RODRIGUEZ GRAMAJO,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 2, 2011    Decided:  September 13, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aaron R. Caruso, ABOD & CARUSO, LLC, Rockville, Maryland, for Petitioner.  Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Yedidya Cohen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisca Dora Rodriguez Gramajo, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA") (Pub. L. No. 105-100, 111 Stat. 2160). Because we are without jurisdiction, we deny the petition for review.

Under § 203 of the NACARA, a Guatemalan may be eligible for cancellation of removal if she entered the United States on or before October 1, 1990, and registered for benefits pursuant to the settlement agreement reached in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC" benefits) on or before December 31, 1991.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 309(c)(5)(C)(ii), 110 Stat. 3009 (1996), as amended by NACARA § 203(a)(1), "[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause (i) is final and shall not be subject to review by any court." See Lanuza v. Holder, 597 F.3d 970, 971 (9th Cir. 2010) (concluding court lacked jurisdiction to review Board's order affirming the immigration judge's order pretermitting applications for special

2

rule cancellation under NACARA). Whether an alien "registered for ABC benefits in a timely manner is a purely factual question over which this court lack's jurisdiction." Jerez v. Holder, 625 F.3d 1058, 1069 (8th Cir. 2010). Thus, we conclude this court does not have jurisdiction to review the finding that Gramajo did not submit an application for ABC benefits prior to December 31, 1991.

While we retain jurisdiction to review constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(D) (2006), Frech v. U.S. Att'y Gen., 491 F.3d 1277, 1280 (11th Cir. 2007), Gramajo's brief is simply a challenge to the adverse credibility finding and the Board's review of that finding. She does not raise a constitutional claim or a question of law.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3