**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL ANGELO GAPASIN
MANALASTAS, a.k.a. Paul Angelo
Manalastas,

            Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

            Respondent.

No. 10-71653

Agency No. A045-829-221

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

   Paul Angelo Gapasin Manalastas, a native and citizen of the Philippines,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from the removal order of an immigration judge ("IJ").  Our jurisdiction

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We dismiss the petition for review.

We lack jurisdiction to review the agency's removal order because Manalastas's pleadings before the IJ establish that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his conviction for possession of a controlled substance under California Health & Safety Code § 11377(a). *See* 8 U.S.C. § 1252(a)(2)(C) (eliminating jurisdiction to review removal orders predicated on controlled-substance convictions); *see also Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir. 2011) (per curiam) (holding that a petitioner's pleading-stage admissions and concessions may be sufficient to establish removability). Accordingly, we need not consider Manalastas's contention that the record of conviction is inconclusive. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

We also lack jurisdiction to review Manalastas's challenges to the agency's denial of cancellation of removal and voluntary departure as a matter of discretion. *See Vilchez*, 682 F.3d at 1200-01 (cancellation of removal); *Esquival-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (voluntary departure). Manalastas's contention that the IJ violated his right to due process by failing to provide a reasoned analysis of his eligibility for voluntary departure does not alter this

conclusion. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Finally, because the record does not support Manalastas's contentions that the IJ violated his right to due process by failing to develop the administrative record and failing to remain neutral, these claims are not sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See id.* ("To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." (citation and internal quotation marks omitted)); *see also Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam) (identifying no deprivation of a full and fair hearing where the IJ reviewed all the record evidence, heard the petitioner's arguments and testimony, and directly questioned the petitioner before making an ineligibility determination).

**PETITION FOR REVIEW DISMISSED.**