**Marco Antonio ROMERO; Marlen Janet Romero, Petitioners,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**Nos. 13–74222.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 24, 2016.*

Filed March 4, 2016.

Marco Antonio Romero, Ontario, CA, pro se.

Marlen Janet Romero, Ontario, CA, pro se.

Jesse David Lorenz, Esquire, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Marco Antonio Romero, a native and citizen of El Salvador, and Marlen Janet Romero, a native and citizen of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying Marco Romero's application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), cancellation of removal, and special rule cancellation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), and denying Marlen Romero's claims for derivative cancellation of removal and derivative special rule cancellation. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition for review in part and dismiss in part.

Substantial evidence supports the agency's finding that Marco Romero failed to establish past persecution when he was forced to hang up posters for the guerillas. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"). Substantial evidence supports the agency's determination that Marco Romero failed to establish a well-founded fear of future persecution on account of his political opinion or particular social group related to a general threat of gang violence. *See Chavez v. INS*, 723 F.2d 1431, 1434 (9th Cir.1984) (no *prima facie* eligibility for asylum because "tragic and widespread danger of violence affecting all Salvadorians is not persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) (petitioner's desire to be free from random violence by gang members bears no nexus to a protected ground). Thus, we deny petitioners' asylum claim.

Because petitioners failed to establish eligibility for asylum, their withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence further supports the agency's CAT denial because Marco Romero failed to establish that it is more likely than not that he would be tortured by or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, we lack jurisdiction to consider petitioners' contentions as to the agency's discretionary determinations pertaining to their cancellation of removal and NACARA special rule cancellation claims.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchez v. Holder,* 682 F.3d 1195, 1201 (9th Cir.2012) (court lacks jurisdiction to review discretionary decision of cancellation of removal); *Lanuza v. Holder,* 597 F.3d 970, 972 (9th Cir.2010) (the IIRIRA "expressly precludes" review of eligibility decisions under NACARA). We also lack jurisdiction over petitioners' argument that they were not given the opportunity to explain answers at their immigration hearing because they did not present that contention to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (petitioner must exhaust procedural due process claim in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**