**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELZBIETA BUGAJSKA, AKA Elzbieta Malgorzata Denis, AKA Jerry Ann Mitchell, AKA Elizabeth Margaret Tavlian, | No. 12-71622 |
| | Agency No. A030-526-997 |
| Petitioner, | MEMORANDUM* |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2016**
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Elzbieta Bugajska, a native and citizen of Poland, though she also claims to

be a native and citizen of Germany, petitions for review of a decision from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals ("BIA"). Bugajska was ordered removed to Poland, or in the alternative to Germany, based on two aggravated felony convictions for immigration fraud and other fraudulent behavior. After the initial proceedings before the immigration judge ("IJ") and BIA, the BIA granted Bugajska's motion to reconsider and reopen solely to reevaluate eligibility for withholding of removal.[1] At the second set of proceedings, the BIA upheld the IJ determination that Bugajska's crimes were, by their nature, particularly serious crimes rendering her ineligible for withholding of removal. It is this decision that is before us on review.

Bugajska alleges a number of due process violations by the IJ and argues that she should have been allowed to proceed with the merits of her withholding of removal, convention against torture ("CAT"), and Humanitarian Asylum claims. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

---

[1] In the first set of proceedings the IJ held that Bugajska was ineligible for asylum and withholding of removal, and denied her CAT claims. The BIA summarily affirmed when Bugajska failed to provide the specific facts and law upon which she based her appeal. Because the BIA granted Bugajska's motion to reopen only to reconsider her eligibility for withholding of removal, any other claims for relief are unexhausted and we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1).

**1.** Though numerous, all seven of Bugajska's claims that the IJ violated due process lack merit. An alien must be afforded a full and fair hearing. *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). However, "only if the proceeding [is] 'so fundamentally unfair that the alien was prevented from reasonably presenting [her] case'" will the court grant a petition on due process grounds. *Id.* (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006)). An alien must also show that her interests are prejudiced by an alleged due process violation. *Id.*

First, by alleging the notice to appear ("NTA") was defective, Bugajska appears to challenge the grounds for removability which this court lacks jurisdiction to entertain. *See* 8 U.S.C. § 1252(a)(2)(C). It is also outside the scope of the limited remand by the BIA, and a determination that she failed to challenge in her initial appeal. We therefore dismiss any claim challenging the NTA.[2]

Second, Bugajska's arguments that the IJ was biased and prejudged her claims are unsubstantiated by the record. Bugajska must show "that the IJ had a

---

[2]Additionally, "due process does not require inclusion of charges in the NTA that are not grounds for removal but are grounds for denial of relief from removal." *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) (denying petitioner's claim that his due process rights were violated when the BIA found him ineligible for cancellation of removal based on a conviction not alleged in the NTA).

3

deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). Impatience and skepticism by the IJ does not constitute bias when a petitioner has "ample opportunity to present [her] case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). Even if a petitioner shows bias, "if the factual record adequately supports the denial of an alien's application for relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application." *Vargas-Hernandez*, 497 F.3d at 926. At best, the IJ was impatient and skeptical of Bugajska's claims, but the record clearly supports his determination that Bugajska was ineligible for withholding of removal. Any alleged bias was not the basis for his determination and therefore the IJ did not violate due process.

Third, Bugajska's argument that the IJ denied her due process by failing to allow her to present evidence is similarly without merit. So long as Bugajska had a reasonable opportunity to present evidence on her behalf, she received a full and fair hearing. *See Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010). The IJ allowed Bugajska to present country reports, her declaration, Bugajska's testimony, and her daughter's testimony. Bugajska attempted to offer the

4

testimony of other witnesses but only to prove the merits of her withholding claim and establish her credibility and good character. This evidence was irrelevant to proving her eligibility for withholding of removal and the IJ did not act unreasonably by limiting it. *See Gutierrez*, 662 F.3d at 1091 (holding that due process is not violated when the IJ limits cumulative witness testimony regarding a petitioner's good moral character); *see also I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (noting that the IJ is "not required to make findings on issues the decision of which is unnecessary to the results they reach"). The IJ, therefore, gave Bugajska a reasonable opportunity to present her evidence and a full and fair hearing.

Fourth, Bugajska argues that the IJ violated due process by allowing the government to submit late-filed evidence without previously providing a copy to her and denying her a chance to respond. The IJ has discretion in setting and extending time limits for admission of documents. 8 C.F.R. § 1003.31(c). Therefore, the IJ did not err in allowing the government's late-filed evidence. Furthermore, Bugajska's argument that she was not allowed to respond to the late-filed evidence is belied by the record. The IJ specifically granted Bugajska 30 days to respond. That Bugajska failed to respond adequately to the late-filed

5

evidence in her brief is not an error by the IJ depriving her of due process. The error lies entirely with Bugajska.

Fifth, the IJ's reliance on the pre-sentence report ("PSR") was not an error that deprived Bugajska of due process. Bugajska argues that under the modified categorical approach, the IJ is precluded from relying on the PSR. Her argument however, is based on her assumption that the IJ used it to determine she committed a removable offense. It did not. And she is procedurally barred from challenging the IJ's removability determination because she failed to properly raise the issue in her first appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1). Because her arguments do not address using the PSR to make a particularly serious crime determination, we deem the argument waived.[3]

Sixth, Bugajska's argument that she was not allowed to argue against the IJ's determination under 8 U.S.C. § 1231(b)(3)(B)(ii) that her crimes, by their very nature, are particularly serious crimes is contradicted by the record. "Due process always requires, at a minimum, notice and an opportunity to respond." *United*

---

[3]Even if Bugajska raised the argument, the IJ may consider "all reliable information . . . in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction." *In Re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (deferring to the BIA's determination that all reliable information may be considered in a particularly serious crime determination).

*States v. Raya-Vaca*, 771 F.3d 1195, 1204 (9th Cir. 2014). Bugajska was on notice at the hearings that this was a possible determination, was given an opportunity to respond, and failed to address the issue. Furthermore, Bugajska raised and addressed the relevant authority in the very motion to reopen that initiated the second proceedings with the IJ. Again, this is not a due process violation by the IJ, but a failure by Bugajska to adequately address all the issues raised.

Seventh, and finally, Bugajska argues that the IJ erred in placing the burden on her to prove eligibility for withholding of removal. The IJ followed the law. *See* 8 U.S.C. § 1229a(c)(4)(A)(i) (requiring the alien applying for relief to bear the burden of proving that the alien "satisfies the applicable eligibility requirements"); *see also Almanza-Arenas v. Lynch*, 815 F.3d 469, 474 (9th Cir. 2015) (noting that under the REAL ID Act the alien bears the burden of proving eligibility for cancellation of removal, but granting the petition on other grounds). Though the IJ initially erred in placing the burden on the government, he corrected this error and provided Bugajska an opportunity to respond. That she failed in her response to provide any evidence or an argument to meet her burden is not a due process violation by the IJ.

In conclusion, what Bugajska argues are colorable due process claims are entirely meritless. Rather, Bugajska failed to avail herself of the process provided

and any alleged action by the IJ did not prejudice her interests. Therefore, we deny Bugajska's petition to the extent that it claims the IJ violated her due process rights.

**2.** Bugajska does not appear to challenge the underlying determination that she is ineligible for withholding of removal based on the IJ's determination that her crimes were, by their nature, particularly serious crimes. We, therefore, deem the argument waived.[4] Furthermore, the panel need not address the merits of Bugajska's withholding claim and lacks jurisdiction to do so since the IJ and BIA decisions were not based on the merits of her withholding of removal claim. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We dismiss the petition to the extent it challenges her eligibility for withholding of removal.

**3.** Bugajska's claims for CAT relief and Humanitarian Asylum are unexhausted and this panel lacks jurisdiction to consider them. *See* 8. U.S.C. § 1252(d)(1). Bugajska lost her opportunity to appeal these determinations when

---

[4]To the extent it is challenged, neither the BIA nor the IJ abused its discretion in determining that Bugajska was ineligible for withholding of removal. *See Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012). In a thoroughly reasoned decision based on reliable information, the BIA affirmed the IJ's decision that under 8 U.S.C. § 1231(b)(3)(B)(ii) Bugajska's crimes were, by their nature, particularly serious crimes.

8

she failed to properly appeal the first IJ decision.  We dismiss the petition to the extent it challenges the denial of her CAT and Humanitarian Asylum claims.

**PETITION DISMISSED IN PART, DENIED IN PART.**