NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK E. ALFARO, | No. 15-73027 |
| Petitioner, | Agency No. A073-967-215 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Erick E. Alfaro, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for special rule cancellation

of removal under the Nicaraguan Adjustment and Central American Relief Act

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("NACARA"), cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

As to Alfaro's application for relief under NACARA, we lack jurisdiction to review the agency's determination that Alfaro failed to establish eligibility for that relief. *See Lanuza v. Holder*, 597 F.3d 970, 971 (9th Cir. 2010) (per curiam) (the IIRIRA "expressly precludes" review of eligibility decisions under NACARA).

As to Alfaro's application for cancellation of removal, substantial evidence supports the agency's determination that he did not meet his burden of establishing continuous physical presence because his testimony was not credible and he did not provide sufficient supporting documentation regarding his residences during the statutory time period. *See* 8 U.S.C. § 1229b(b)(1)(A); *Shrestha v. Holder*, 590 F.3d 1034, 1039-1044 (9th Cir. 2010), (detailing REAL ID Act adverse credibility standards). In light of this conclusion, we do not reach Alfaro's contentions regarding the agency's "exceptional and extremely unusual hardship" determination.

As to Alfaro's applications for asylum and withholding of removal, substantial evidence supports the agency's conclusion that Alfaro did not establish

15-73027

that his past harm rose to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (brief detention, beating, and interrogation did not compel a finding of past persecution). Substantial evidence also supports the agency's conclusion that Alfaro did not establish an objectively reasonable fear of future persecution. *See id.* at 1022. Thus, Alfaro's asylum claim fails.

In this case, because Alfaro failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Alfaro failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW IS DISMISSED in part; DENIED in part.**