**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALTAZAR AVALOS, | No. 12-74094 |
| Petitioner, | |
| | Agency No. A094-179-097 |
| v. | |
| | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Baltazar Avalos, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' orders dismissing his appeal from an

immigration judge's ("IJ") decisions denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), Temporary Protected Status ("TPS"), cancellation of removal, and special rule cancellation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's findings of fact, and review de novo constitutional claims and questions of law.  *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).  We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's determination that Avalos failed to establish that the harm he fears in El Salvador is on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground.").  Thus, Avalos' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's CAT denial because Avalos failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to consider Avalos' contentions as to the agency's discretionary determination pertaining to his cancellation of removal claim, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th

12-74094

Cir. 2012), and Avalos does not raise a colorable constitutional claim or question of law which this court may review, *see Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (court retains jurisdiction to review due process challenges but must allege at least a colorable constitutional violation). We also lack jurisdiction to review the agency's denial of Avalos' NACARA special rule cancellation claim. *See Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (the IIRIRA "expressly precludes" review of eligibility decisions under NACARA).

We reject Avalos' contention that the agency committed reversible error by addressing the government's motion for reconsideration, *see Kumar v. Gonzales*, 439 F.3d 520, 523-24 (9th Cir. 2006) (noting that violation of agency regulations reviewed for harmless error), and his contention that the IJ violated his due process rights by exhibiting bias toward Avalos, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Finally, as to TPS, it is unclear whether the agency found that Avalos was in the military, and even if he was, mere membership is insufficient to satisfy the persecutor bar. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1254a(c)(2)(B)(ii); *see also Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013) (explaining that applicability of the persecutor bar "requires a particularized evaluation of both personal involvement and purposeful assistance") (internal quotation marks and citation omitted); *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927-28 (9th Cir. 2006)

3                                                                              12-74094

(explaining that mere membership in an organization is insufficient to satisfy the persecutor exception) (internal quotation marks and citation omitted). Thus, we grant the petition for review and remand Avalos' TPS claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

12-74094