**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM MARDOQUEO GONZALEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   14-72442

Agency No. A092-402-538

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2020**
Pasadena, California

Before:  BERZON, R. NELSON, and LEE, Circuit Judges.

Petitioner William Gonzalez seeks review of an Immigration Judge's

negative reasonable fear determination. We deny the petition.

This court has jurisdiction to review "[a]n IJ's negative determination

regarding the alien's reasonable fear" under 8 C.F.R. § 208.31(g)(1). *Andrade-*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence. *Id*. "[W]e must uphold the IJ's conclusion . . . unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). "We review claims of constitutional violations de novo." *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010).

1. Gonzalez's petition for review was timely. *See Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017); *Martinez v. Sessions*, 873 F.3d 655 (9th Cir. 2017). The petition is timely because it was filed within thirty days of the BIA's final order. 8 U.S.C. § 1252(b)(1).

2. We deny the petition because substantial evidence supports the IJ's conclusion that Gonzalez's fear of future persecution is not reasonable. Although Gonzalez did face serious threats when he fled El Salvador, he offered only speculation that the people who threatened him in 1980 are alive, in any position to harm him, or still interested in carrying out their threats. There is substantial evidence supporting the IJ's conclusion that circumstances have changed significantly since Gonzalez's past persecution. Gonzalez testified that he felt threatened by his encounter with a Salvadorian official in 2005, but "vague threats . . . do not compel a finding of clear probability of future persecution." *Tamang v.*

2

*Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010).

3. Gonzalez has not established a due process violation based on the IJ's refusal of his request to supplement his testimony. He has not demonstrated that the reasonable fear hearing before the IJ was fundamentally unfair and prejudicial. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006). He gave complete and unimpeded testimony on direct examination by his attorney. Gonzalez's attorney then confirmed she had no further questions and the government declined to cross examine Gonzalez. Only after the IJ issued an oral ruling did Gonzalez ask to "add something that I've heard about the MS [gang.]" Gonzalez had not previously connected his claimed fear of persecution to the gang. The IJ declined. Because Gonzalez "was allowed to present evidence regarding his [] claim, and because [his] presentation was not limited in any meaningful respect," he was afforded a full and fair hearing. *Almaghzar v. Gonzales*, 457 F.3d 915, 921 (9th Cir. 2006); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam).

4. Gonzalez has also failed to demonstrate that the IJ's denial of his second request for a continuance constitutes a due process violation. The IJ denied Gonzalez's second request for a continuance "at this point," because of the IJ's regulatory obligation to conduct a review of the asylum officer's reasonable fear determination "within 10 days" "[i]n the absence of exceptional circumstances." 8

3

C.F.R. 208.31(g). Gonzalez's attorney did not object or make any statement on this topic on the record. On appeal, Gonzalez faults the IJ for not determining *whether* there were exceptional circumstances, without making any representation that there were, and if so, what those exceptional circumstances were. Nor does Gonzalez assert that any specific evidence was excluded as a result of the denial, or describe the nature of any evidence that might have been offered were the continuance granted. Gonzalez has therefore failed to establish that the denial was fundamentally unfair, or that he was prejudiced by the denial of a continuance, and so has failed to establish a due process violation. *See Ibarra-Flores*, 439 F.3d at 620–21.

**DENIED.**