NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO RUIZ, | No. 16-73688 |
| Petitioner, | Agency No. A072-511-618 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[***]
District Judge.

Petitioner Luis Ruiz ("Mr. Ruiz"), a citizen of Guatemala, last entered the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

United States in 1989 or 1990 as a visitor.[1] In 1992, Mr. Ruiz applied for asylum, including a claim of eligibility under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Mr. Ruiz did not receive a response to his asylum application until 2007, when United States Citizenship and Immigration Services found him ineligible for benefits under NACARA and referred him to an immigration judge ("IJ") for removal proceedings.

In Immigration Court on November 26, 2007, Mr. Ruiz denied the removability charge, but conceded to overstaying his tourist visa. Based on his concession, the IJ found him removable. Mr. Ruiz then renewed his applications for asylum, withholding of removal, protection under Article Three of the Convention Against Torture ("CAT"), and relief under NACARA.

In a written decision, the IJ found Mr. Ruiz's testimony not credible and that he met the criteria for someone who has assisted in the persecution of others. On these bases, the IJ determined that Mr. Ruiz is ineligible for relief. Independently, the IJ denied his applications for asylum, withholding of removal, and CAT protection because Mr. Ruiz did not carry his burden of demonstrating entitlement to those avenues of relief. The IJ also denied relief for benefits under NACARA

---

[1] During the pendency of this appeal, Mr. Ruiz's counsel advised the Court that Mr. Ruiz has since left the United States and traveled back to Guatemala to care for his sick daughter who has since passed away.

because the evidence did not support Mr. Ruiz's contention that he timely filed a claim for those benefits. We have jurisdiction under 8 U.S.C. § 1252 and deny Mr. Ruiz's petition because he has not demonstrated on the merits that he is eligible for asylum, withholding of removal, or relief under CAT.[2]

Because the Board of Immigration Appeals ("BIA") affirmed the IJ's decision, adopting the court's rationale, we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) ("Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions.") (citation omitted); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Thus, we refer to the [BIA] and IJ collectively as 'the agency.'").

We review for substantial evidence the factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).

---

[2] Whether Mr. Ruiz registered for NACARA benefits in a timely manner, however, is a factual dispute which we lack jurisdiction to review. *See Ixcot v. Holder*, 646 F.3d 1202, 1213–14 (9th Cir. 2011); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010).

## I. Asylum

To be eligible for asylum, a petitioner has the burden of demonstrating a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). One way to satisfy this burden is by showing past persecution, which gives rise to a rebuttable presumption of future persecution. *See, e.g.*, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). Showing past persecution requires the petitioner to demonstrate, among other elements, that "his treatment rises to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021) (citation omitted). Considering the agency's conclusion that Mr. Ruiz "did not establish past persecution or an objectively well-founded fear of persecution," and that he "did not show the requisite nexus for his claimed fear of persecution," the question is not whether "a reasonable factfinder *could* have found" the harm Mr. Ruiz claims "sufficient to establish persecution," but whether "a factfinder would be compelled to do so." *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

On appeal, Mr. Ruiz argues that he "fears persecution on account of his membership in a particular social group of Guatemalan males, who support the rule of law, and through their political opinion refuse participation in anti government forces as both a student and military member." He contends that he "belonged to this

4

group when he was targeted, threatened, and attacked in Guatemala . . . and he would continue to belong in it if he was forced to return to Guatemala." Mr. Ruiz's evidence of his past persecution is his "consistent[]" testimony about "his fear of returning to Guatemala, because he faced the threat of kidnap just like his friend with a similar background."

Mr. Ruiz's arguments embellish the record evidence. For example, while Mr. Ruiz testified that he feared for his life after his friend mysteriously disappeared, he also testified that he never received threats nor was attacked. Moreover, it is unclear from the record exactly what similarities between Mr. Ruiz and his disappeared friend are relevant to establish Mr. Ruiz's fear of persecution. As the IJ found, being a student or member of the government may qualify as a social group under the INA, but there is no evidence that Mr. Ruiz was persecuted or reasonably should fear persecution on either ground.

Mr. Ruiz does not point to any evidence sufficient to establish persecution. *See, e.g.*, *Sharma v. Garland*, 9 F.4th 1052, 1061–62 (9th Cir. 2021) (observing that evidence of past persecution included whether petitioner was subject to violence or threats of violence, detention, or threats their family). Indeed, the only facts in the record relevant to this inquiry are that he was a member of the military and a student, his friend disappeared, he speculated that his friend was kidnapped, and he feared he might be next, given general sentiments against students and members of the

military. But, in the absence of record evidence establishing a persuasive connection between Mr. Ruiz's protected status and the events giving rise to his claimed fear of persecution, a factfinder would not be compelled to find that Mr. Ruiz suffered past persecution or conclude that he maintains a well-founded fear of future persecution more than three decades after his friend's disappearance. Thus, substantial evidence supports the agency's determination that Mr. Ruiz is not eligible for asylum. We affirm the agency's denial of asylum.

## II. Withholding of Removal

To be eligible for withholding of removal, the petitioner must discharge his burden to show a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion by a "clear probability." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); *see also* 8 U.S.C. § 1231(b)(3)(A). Given that Mr. Ruiz did not meet the lower burden of proof for asylum, we also affirm the agency's denial of withholding of removal considering that form of relief's more stringent standard. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

## III. Convention Against Torture

Mr. Ruiz seeks protection under Article Three of CAT, requiring him to show it is more likely than not he would be tortured if removed to the country of origin. 8 C.F.R. § 208.16(c)(2); *Morales v. Gonzales*, 478 F.3d 972, 983 (9th Cir. 2007). This standard applies to both CAT protection and withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture. Additionally, unlike withholding of removal under the INA, withholding of removal under CAT is based entirely on an objective basis of fear; there is no subjective component. *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

The regulations define torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." 8 C.F.R. § 1208.18(a)(1). A showing of torture must demonstrate that he would be subjected to a "*particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir.2004)) (internal quotations omitted). In addition, the torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." 8 C.F.R. 1208.18(a)(1). Claims of possible torture that are speculative will not entitle Mr. Ruiz to CAT protection. *See, e.g.*, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (finding a "series of worst-case

7

scenarios" insufficient to compel the conclusion that petitioner was more likely than not to be tortured upon return to his country).

Mr. Ruiz argues that "the Immigration Judge dismissed Petitioner's claim for relief under the Torture Convention based on the credibility finding without an analysis of the merits of his CAT claim." Thus, he argues that "[a]t a minimum, this Court should return Petitioner's Convention Against Torture claim to the agency for the separate and thorough considerations that claim deserves."

Contrary to Mr. Ruiz's argument, the IJ did discuss the merits of his CAT claim. The IJ rejected Mr. Ruiz's CAT application on two grounds. First, she denied withholding of removal under CAT based on her finding that Mr. Ruiz participated in the persecution of others. Second, the IJ denied deferral of removal under CAT because Mr. Ruiz offered no basis to indicate he faces a likelihood of being tortured at the hands of the Guatemalan government upon his return. Mr. Ruiz appears to have conflated the two bases underlying the IJ's decision. But the IJ's consideration of his CAT claim sufficiently engaged with the evidence he offered, which the IJ noted "depend[ed] entirely upon the same testimony and documentary evidence presented in support of his claims for asylum and withholding of removal."

On appeal, Mr. Ruiz offers nothing new. His brief does not detail how the agency misapplied the law. Mr. Ruiz fails to present evidence or even argue that he would most likely be tortured by or with the acquiescence of a government official

or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). As such, we hold that the agency's determination that Mr. Ruiz is not eligible for CAT protection was supported by substantial evidence and a reasonable factfinder would not be compelled to find otherwise. We affirm the agency's denial of CAT protection.

**PETITION DENIED**.