**NOT FOR PUBLICATION**

**FILED**

DEC 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON LEONEL ARCHILA-LEON; LURIN JULISSA HERNANDEZ-ORTEGA; STERLING BRIGITH ARCHILA-HERNANDEZ; ARLETTE SIULMARY ARCHILA-HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-874 <br><br> Agency Nos. <br> A220-582-141 <br> A220-581-588 <br> A220-582-111 <br> A220-582-281 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ZIPPS, Chief District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer G. Zipps, United States Chief District Judge for the District of Arizona, sitting by designation.

Petitioners Milton Leonel Archila-Leon (Archila-Leon), his wife Lurin Julissa Hernandez-Ortega (Hernandez-Ortega), and their minor daughters,[1] citizens and natives of Honduras, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

**1.** There was no violation of the Petitioners' due process right on appeal because the Petitioners' testimony and evidence were considered by the BIA. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010) (reviewing due process challenge de novo); *see also Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam) (rejecting due process challenge when the IJ reviewed the evidence, testimony, and counsel's arguments). The IJ specifically determined that, even if the serious nonpolitical crime bar did not apply, Petitioners were nevertheless ineligible for relief due to a lack of nexus between the asserted harm and a protected ground. Petitioners suffered no prejudice based on any failure to further address the serious nonpolitical crime issue because the BIA upheld the denial of

---

[1] Petitioner's wife's and daughter's cases are derivative of his lead petition. Although they also filed separate applications for relief, their applications were based on the same facts presented by Petitioner.

asylum and withholding of removal on an alternative dispositive basis, the lack of nexus. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

**2.** Petitioners proposed the particular social group of "family members who refuse to comply with gang extortion demands." Substantial evidence supports the agency's determination that Petitioners failed to establish that their proposed social group is cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). In addition, opposition to gangs does not generally constitute a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144-45 (9th Cir. 2021). In any event, "[f]or both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted). An asylum claim requires evidence that the protected characteristic was "one central reason" for the harm, and a withholding of removal claim requires evidence that a protected characteristic will be "a reason" for future harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-59 (9th Cir. 2017)

As discussed, Petitioner contends that he was targeted on account of his membership in the particular social group of "family members who refuse to comply with gang extortion demands." But the gang members who extorted Petitioner were solely interested in financial gain, targeting anyone they perceived

as having the ability to pay the amounts demanded. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021). This lack of nexus is fatal to the Petitioners' applications for asylum and withholding of removal. *See Riera-Riera*, 841 F.3d at 1081.[2]

**3.** "To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country. . . ." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted). Petitioner testified that he was subjected to a "war tax" and was mugged three times, but was never actually physically harmed. There was no evidence of any harm suffered by the other Petitioners. Petitioners also provided reports describing generalized country conditions of violence and crime that were not tailored to their claims. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (noting that "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture") (citation omitted). Similarly, the existence of corruption within the Honduran government does not demonstrate that any public official in Honduras acquiesced to past torture or would acquiesce to future torture. *See*

---

[2]   Because there was a finding of no nexus, the distinction between "one central reason" and "a reason" does not matter to the outcome. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

*Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022), *as amended*.

Therefore, substantial evidence supports the BIA's determination that Petitioners

failed to establish eligibility for protection under the CAT.  *See Singh v. Bondi*, 130

F.4th 1142, 1156 (9th Cir. 2025).

**PETITION DENIED.**[3]

---

[3]     The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #2) is otherwise denied.