**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES ROMERO,

              Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   18-70754

Agency No. A029-142-390

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Andres Romero, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), cancellation of removal, and special rule cancellation of removal under the Nicaragua Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

Our jurisdiction to review the agency's denial of Romero's applications for cancellation of removal and NACARA special rule cancellation of removal is limited to questions of law and constitutional claims. We lack jurisdiction to review these decisions. *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions); *see also Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam) (court lacks jurisdiction to review agency's NACARA eligibility determination). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (abuse of discretion argument cloaked as due

process claim not colorable).

The agency did not abuse its discretion in determining that Romero's 1999 conviction was a particularly serious crime that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 (review limited to ensuring agency relied on the appropriate factors and proper evidence); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination . . . .") (internal quotation marks omitted). Thus, Romero's asylum and withholding of removal claims fail.

In light of this disposition, we need not reach Romero's remaining contentions regarding the merits of his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Romero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Romero's claims that the IJ violated due process by failing to act as a neutral factfinder, misstating the record, and erroneously admitting evidence fail because he has not shown error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(error required to prevail on a due process claim).

To the extent Romero claims the IJ erred in denying voluntary departure and preventing him from seeking adjustment of status, and that he received ineffective assistance of counsel, we lack jurisdiction because he failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

We do not consider the materials Romero references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**