NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINA VIRVES-ANDRES, et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1804 <br><br> Agency Nos. <br> A208-920-854 <br> A208-920-855 <br> A208-920-856 <br> A208-920-857 <br> A208-920-858 <br> A208-122-020 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2024[**]
Pasadena, California

Before: PARKER,[***] HURWITZ, and DESAI, Circuit Judges.

Catarina Virves-Andres, her husband, and their four children, all natives and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barrington D. Parker, United States Circuit Judge for the Court of Appeals, Second Circuit, sitting by designation.

citizens of Guatemala, petition for review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal of an order by an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Virves-Andres alleges that the parishioners of her Catholic Church persecuted her and her family after they converted from Catholicism to Evangelical Christianity.

At Virves-Andres's hearing, the IJ expressed skepticism about her claims. The IJ questioned her testimony about the hierarchy of her Catholic Church and her failure to report the parishioners' threats to the priest. Although the IJ found Virves-Andres not credible, he reached the merits of her claims before denying them. The BIA dismissed her appeal.

We have jurisdiction under 8 U.S.C. § 1252. We review due process challenges de novo, *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021), and the denial of asylum, withholding of removal, and CAT protection for substantial evidence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition.

1.　　The BIA did not err in denying Virves-Andres's due process claim based on the conduct of the IJ at her hearing. To prevail on a due process claim, a petitioner must demonstrate that (1) "the proceeding was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case," and (2) she suffered

prejudice because "the outcome of the proceeding may have been affected by the alleged violation." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (cleaned up). Virves-Andres argues that the IJ abandoned his role as a neutral arbiter by inserting his personal views on the Catholic Church.[1]

The IJ's conduct, though at times antagonistic and combative, did not amount to a due process violation. Virves-Andres had a full opportunity to present her case. The IJ held a complete hearing and allowed counsel to conduct thorough direct- and cross-examinations with only periodic interruptions to ask clarifying questions.[2] *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (holding that "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough" to establish a due process violation); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (finding no due process violation when "the IJ reviewed all the record evidence, heard counsel's arguments and [the petitioner's] testimony, [and] allowed cross-examination").

In any event, the IJ's conduct also did not prejudice Virves-Andres. Although

---

[1] Virves-Andres also argues that the IJ's admonishment of her for being tardy demonstrated his bias. But after the admonishment and Virves-Andres's explanation, the IJ proceeded with the hearing. Government counsel's inappropriate interjections during the hearing did not establish a due process violation because the IJ reprimanded counsel, who subsequently apologized.

[2] The IJ's remarks about the Catholic Church mostly occurred at the end of the hearing, after the IJ confirmed with Virves-Andres's counsel that he had no questions on re-direct.

the IJ made an adverse credibility finding, he also assumed Virves-Andres's credibility in the alternative, reviewed the merits of her claims, weighed the full record, and considered her testimony. And, the BIA assumed Virves-Andres's credibility and conducted a de novo review of her claims. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) ("[A]lthough the IJ made a questionable adverse credibility finding against [the petitioner], any prejudice from that was cured by the Board's subsequent decision assuming the credibility of her testimony in full.").

2. Substantial evidence supports the BIA's finding that Virves-Andres is ineligible for asylum and withholding of removal. "A finding by the [BIA] is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). Virves-Andres testified that the alleged incidents by the parishioners occurred many years ago, and there were significant lapses of time without any incidents before she left Guatemala. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (finding that the petitioner "failed to present evidence compelling a finding of past persecution" because he remained in his native country for another six months after an alleged incident without experiencing any additional harm); *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

The record does not compel a finding of past persecution or a well-founded

fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found . . . past persecution, we do not believe that a factfinder would be compelled to do so. We are not permitted to substitute our view of the matter for that of the Board."); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Nor does the evidence compel a contrary finding under the more stringent standard for withholding. *See Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001).

3.      To be eligible for CAT protection, a petitioner must show that it is more likely than not that she will be subject to torture by or with the acquiescence of a public official if removed to her native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the BIA's holding that Virves-Andres is ineligible for CAT protection because she failed to establish the requisite degree of state action or acquiescence.

The generalized country conditions evidence about government corruption, gang violence, and high crime rates in Guatemala fails to demonstrate the particularized, ongoing risk of future torture necessary for CAT relief. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (finding that the country conditions evidence must show the petitioner "faces a particularized, ongoing risk of future torture"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding that the "generalized evidence of violence and crime" was "not

particular" to petitioners and insufficient for CAT relief). Nor does Virves-Andres identify parts of the record supporting her claim of government acquiescence, consent, or participation in torture.

The petition is **DENIED.**